The opinion of the court was delivered, by

Mr. Justice Richardson.

There can be no doubt of the first general proposition laid down by the plaintiff’s counsel, that this court will not question the validity of a grant of land, which appears regular and legal upon the face of it. This principle was established in the case of Mounce, vs. Ingram, 2d Bay, 454, and has been often recognized since.
But the case before us depends upon the act of 1785, P. L. 400, forming an exception to the general rule, and rendering certain grants, although issued and apparently regular, yet null and void, by reason of certain matter extrinsic to the grant.
The act is in the following terms: — That a person making a survey of land, shall be allowed six months from the time of making such survey, to obtain a grant for the said land, and *444 3ñ default of obtaining a grant within that time, any persoíí may at the expiration thereof, apply for, and- shall obtain a grant for the said land, on paying fordtpand any grant obtain-edfor land within six months from the time pf its being surveyed, (except by the person for whom it was surveyed,) shall be ijpsá Jacto null and void.”
A. W. Thompson, for m'otion.
Fa-rnandie, contra.
The language of the act is full and explicit. Every person after making a survey of vacant land, is allowed six months to take out his grant, and any grant obtained within six months by another person for the land surveyed by the former, is ipso facto null and void. The act supposes' a grant actually issued, and does not coniine it to a grant obtained upon the same survey, as argued by the counsel; but renders any grant obtained, except by the person first surveying, null and void.
The reason of such exclusive right to the party first surveying isplain: — 1st, He is allowed six months to pay the purchase money, and as tlie six months are allowed from the tinier of u making the survey” and not from the time of the return of the plat to the locator’s or secretary’s office, it was foreseen,, that another person might in .the meantime take out a grant, without its being known to the party first surveying; it became therefore necessary to render such grant, although actually issued, ipso facto, null and void.
This court therefore, without infracting the general proposition laid down by the plaintiff's counsel or intrenching upon the exclusive jurisdiction of the court of caveats, must, under the express enactment of the act, hold the plaintiff’s grant null and void; or the act would be rendered practically inadequate to the purpose for which it was enacted; which is to give to the party first surveying the land, the exclusive right of preemption for six months;
This construction too has been repeatedly made in practice on the circuits: And the motion is refused.
Colcocli, Huger and Johnson,. Justices, concurred. ’